UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FLORENCE HARVEY ET AL.                          CIVIL ACTION

VERSUS                                          NO:  06-9510

MOSAIC FERTILIZER, L.L.C.                       SECTION: "S" (5)


<u>ORDER AND REASONS</u>

**IT IS HEREBY ORDERED** that the motion to remand of Florence Harvey, Ulysses

Gauthreaux, and Lionel and Ernestine Albert is **DENIED**.  (Document #7.)

**I. BACKGROUND**

Florence Harvey, Ulysses Gauthreaux, and Lionel and Ernestine Albert filed a "Class

Action Petition for Damages" in the 23rd Judicial District Court for the Parish of St. James, State

of Louisiana, against Mosaic Fertilizer, L.L.C. a/k/a Mosaic Faustina Fertilizer Plant (Mosaic or

Faustina), on behalf of themselves and others similarly situated in sustaining damage as a result

of an explosion and release of hazardous substances from the Mosaic facility in St. James Parish.

On October 11, 2006, workers at the Faustina facility were processing product when hydrogen

gas leaked and ignited.  The plaintiffs allege a claim of negligence for the acts of others,

pursuant to La. Civil Code art. 2317.

Mosaic, a Delaware corporation with its principal place of business in Florida,  removed

the case to federal court, asserting diversity jurisdiction.[1]  The plaintiffs filed a motion to remand the case to state court.

## II. DISCUSSION

Mosaic contends that the amount in controversy for at least one plaintiff exceeds $75,000.[2]

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is diversity between all parties."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). Under Louisiana law, a plaintiff is prohibited, except in circumstances not relevant here, from alleging a specific dollar amount of damages.  Grant v. Chevron Phillips Chemical Co., L.P., 309 F.3d 864, 868 (5th Cir. 2002).  However, the plaintiff may recover an award in damages more than he demands.  Id. at 869.  In such situations, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Id. at 868.  "The removing party may satisfy this burden in either of two ways:  "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that

---

[1]      The court does not address Mosaic's alternative basis of jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

[2]      The plaintiffs do not argue that diversity of citizenship is lacking.

support a finding of the requisite amount."  Id.

   In Louisiana cases, "the federal district court's jurisdictional-amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees.  Id. All awardable attorney's fees in a class action[3] are attributed to the class representatives to the exclusion of other members of the class.  Id. at 870-71.  "[C]alculation of the anticipated recovery of the class representatives–the only one that matters for purposes of § 1332–must include those potential attorney's fees in addition to damages."  Id. at 873.

   It is facially apparent from the petition that the claim of at least one named plaintiff is likely to exceed $75,000.  Harvey alleges that she was at home in her trailer when the explosion occurred.  The explosion rocked her trailer and caused her such fear and surprise that she required emergency medical treatment for "uncontrolled" blood pressure and pulse.  One of the concrete piers supporting her trailer is askew.  Gauthreaux became afraid when he heard the explosion, which caused a large window in his home to break and other damage.  The Alberts were at home when the explosion occurred.  They allege damage to their home, including a cracked driveway and cracked living room floor, and personal fear and fright.   When awardable attorney's fees are attributed to Harvey, Gauthreaux, and the Alberts in calculating the amount in controversy, any one of their claims likely exceeds the jurisdictional threshold.  Moreover, the plaintiffs have not filed stipulations or affidavits of the parties or counsel that their claims fall

---

[3]   La. Code Civ. Proc. art 595(a) provides:
The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial, to the class.

below the jurisdictional amount.

Accordingly, there is diversity jurisdiction, and the motion to remand is denied.

New Orleans, Louisiana, this   19th day of March, 2007.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**